THE W. & L. E. RY. CO. v. JOSEPH WOLFE, TREAS.

1. ACTION TO RECOVER DELINQUENT TAXES.

In an action for the recovery of delinquent taxes, in which is included a penalty of ten per cent. for their non-payment, the county treasurer is not entitled to recover anything by way of penalties upon the taxes. Where part of the taxes assessed are legal and part illegal, as the county has no right to make a demand for that which is illegal and put the taxpayer in default for the payment of that which is legal, therefore a judgment recovered by a county treasurer for the amount of such taxes, including penalties, is erroneous.

2. TAXES DO NOT DRAW INTEREST.

Taxes levied do not draw interest from the time they are payable, or from the commencement of the action for their recovery, but a judgment for the amount of the taxes will be held to draw interest from the date when it was originally rendered.

Memorandum of decision.

KING, J.

This is a proceeding to reverse the judgment of the common pleas court of Sandusky county, and we have come to the conclusion that that judgment should be modified in some respects, and will indicate, so that counsel may prepare an entry, the extent of those modifications.

1. We hold, following the opinion of the circuit court of Harrison county in *W. & L. E. Ry. Co.* v. *Stewart, Treas., ante,* 193, that plaintiff below is not entitled to recover anything by way of penalties upon the taxes charged, either for the ten per cent. added to the delinquent taxes so-called, or the five per cent. claimed by the treasurer as due him for collection; and we refer to the opinion of Judge Frazier in the case cited for our reasons for this holding.

2. We are of the opinion that the taxes levied do not draw interest from the time they were payable or from the commencement of the action or until judgment is rendered. The allowance by the statute of penalties is intended, we think, to cover interest until the claim has gone into judgment; and for the reasons that we disallow the penalties we think also interest should be disallowed. Therefore the amount of the judgment will be computed without any allowance of interest, the judg-

ment drawing interest from the date when it was originally rendered—
that is, from the first day of the November term, 1896.

3. We are also of the opinion that the judgment was erroneous, bet
cause it included certain amounts levied to pay deficiency bonds, or
bonds issued for deficiency purposes.    These amounts are stated to be
$97.50 in 1894, and $121.70 in 1895.    We find no provision of law au-
thorizing that levy.    Those bonds were issued pursuant to an act of
March 13, 1894, which authorized the issuing of $50,000 of bonds "to
pay deficiencies existing in the various funds of said county."    Without
an express provision of the legislature authorizing that kind of a levy,
we think it is not permissable.    These bonds were issued for no improve-
ment or purpose authorized by law, but to delay payment of the de-
ficiency where different funds had been overdrawn; and we think the
county must rely upon its levies authorized by law for these several
funds to provide the means with which to pay these bonds, in the ab-
sence of express legislation on that subject.    Therefore to that extent
the judgment will be modified.

Each party to pay one-half of the costs taxed in the court of com-
mon pleas and in this court including the referee's and stenographer's bill.

*Swayne, Swayne, Hayes & Tyler*, for Plaintiff in Error.

*Kinney & Hunt*, for Defendant in Error.